O'HALLORAN *v.* MAYOR AND RECORDER OF JACKSON.

1. Liquor Bonds—Approval by City Council.

General provisions of a city charter regulating the enactment of ordinances and resolutions have no application to the performance of the duty imposed upon the common council by section 8 of the liquor law of 1887 (3 How. Stat. § 2283*d*1) with reference to the approval of liquor bonds.

2. Same.

Under the statute cited, a majority vote of the members present at a legal meeting of the council is sufficient to approve the bond, in the absence of conflicting provisions in the charter.

3. Same—Authority of Mayor.

The approval of the bond by the mayor is unnecessary, where the charter does not require it; and the fact that under the charter all ordinances and resolutions must receive the approval of the mayor, and that a provision enacted subsequent to the general liquor law confers upon the council the power to regulate, license, prohibit, and suppress saloons, does not necessitate the mayor's approval of the bond, where no action has been taken by the council under the power so conferred.

*Certiorari* to Jackson; Peck, J. Submitted November 5, 1895. Decided November 19, 1895.

Edward O'Halloran and Charles Elliott applied to the circuit court for *mandamus* against Andrew J. Weatherwax, mayor, and Charles P. Hunt, recorder, of the city of Jackson, to compel the approval of a liquor bond. The writ was issued as against the respondent Hunt, who brings *certiorari*. Affirmed.

*Blair, Edwards & Blair*, for relators.

*William E. Ware*, city attorney, for petitioner in *certiorari*.

Long, J. On June 8, 1895, the relators presented their liqour bond to the common council for approval. No

question is made as to the form of the bond or the suf-
ficiency of the sureties. The bond was referred to a com-
mittee, and the committee reported it back with a recom-
mendation that it be approved. The report was not
adopted, as 9 of the members voted in the negative and
only 6 in the affirmative. There were 16 aldermen in all.
At the same meeting of the council, with only 15 aldermen
present, a motion to approve the bond was declared car-
ried, 8 voting for approval and 7 against. These pro-
ceedings were referred to the mayor, who on June 24th
returned the same with his disapproval, giving certain
reasons therefor. Demand was thereupon made upon
the recorder of the city to certify the action of the council
on the bond. This was refused. Relators thereupon
filed a petition in the Jackson circuit court for a *man-
damus* to compel the mayor to file his approval of the
bond, and the recorder to indorse upon the bond the
approval of the council. The cause was heard in the
circuit, and the prayer of the relators granted as to the
recorder and the petition dismissed as to the mayor. The
case comes to this court by writ of *certiorari*.

It is the contention of relators (1) that the vote of
eight to seven was sufficient, under the charter, to ap-
prove the bond; (2) that the common council is the final
judge of the sufficiency of liqour bonds, and that nothing
remains to be done, after the action of the council, to
make the bond effective, but the indorsement of such
action on the bond by the recorder of the city, who is
the clerk of the council. On the other hand, it is con-
tended by counsel for respondents that, there being no
ordinance of the city regulating the performance of the
duty to approve liquor bonds, it could be performed only
by action or resolution having the force of an ordinance,
which under section 1, chap. 7, of the charter (Act No.
414, Local Acts 1889), required a majority vote of all the
aldermen elected, and that therefore the bond was not
approved. We think this contention cannot be sustained.
No provision of the charter requires the approval of

liquor bonds to be by general ordinance, and section 8 of Act No. 313, Pub. Acts 1887, leaves the approval to the common council. A majority vote of the aldermen present may approve, a quorum being present.

The charter gives the common council the power to "regulate, prohibit, and suppress ale, beer, and porter houses, and all places of resort for tippling and intemperance;   *   *   *   to regulate and license all taverns and houses of public entertainment; all saloons, restaurants, and eating-houses." Local Acts 1889, Act No. 414, chap. 9, § 1. The legislature may confer upon the common council the right to determine the places where saloons may be kept, and to determine that question upon each application. *Sherlock* v. *Stuart*, 96 Mich. 193. Under the charter, the common council consists of two aldermen from each ward, and the recorder, but the recorder has no vote therein. Section 1, chap. 6, of the charter. The mayor is made the chief executive officer of the city, with certain powers in the charter enumerated. He has no vote or voice in the deliberations of the council, but the charter provides that no ordinance or resolution shall be of any force without the written approval of the mayor or other person performing for the time being the duties of his office, etc. The approval of the bond cannot be said to have required an ordinance or resolution. It was approved by motion, which was carried by a majority vote. The liquor statute requires the approval of the council, and the charter has not so modified or changed the statute that the mayor's approval was necessary.

The court below was of the opinion that the approval of the mayor was unnecessary, and we think that conclusion correct. The petition was therefore dismissed as to the mayor, and the order was made requiring the recorder to indorse the approval of the council upon the bond. That order must be affirmed.

The other Justices concurred.